```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

TONI Y. BARE                                             PLAINTIFF

    v.                    CIVIL NO. 09-2092

NPC INTERNATIONAL, INC.
d/b/a PIZZA HUT                                          DEFENDANT

## O R D E R

On July 7, 2009, Plaintiff filed a complaint seeking recovery for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, the Arkansas Civil Rights Act of 1993, and the Arkansas common law.  Plaintiff alleges that Defendant discriminated against her based on her race and sex and retaliated against her for complaining about said discrimination.  Plaintiff further claims that she was the victim of Defendant's intentional infliction of emotional distress.  Currently before the Court is Defendant's Partial Motion to Dismiss (doc. 4) and related documents.  For its motion, Defendant seeks dismissal of Plaintiff's claims for race discrimination and intentional infliction of emotional distress.  For reasons recited herein, Defendant's motion is **GRANTED**.

**I.   Standard**

In determining whether a motion to dismiss should be granted, the Court must test the legal sufficiency of a complaint.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  In considering a motion to dismiss, the court takes all allegations in the complaint as true and views the facts and inferences therefrom most favorably to the non-moving party.  *Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 405 (8th Cir. 1999).

**II.  Allegations**

In her Complaint, Plaintiff alleges as follows:

1. Plaintiff, an African American female, was an employee of NPC International, Inc. d/b/a Pizza Hut ("Pizza Hut") during the period at issue.

2. From at least July 9, 2008, until on or about August 10, 2008, Plaintiff worked at the Pizza Hut store on Highway 71 in Fort Smith, Arkansas.  The store manager, Stephanie Titsworth, attempted to have a sexual relationship with Plaintiff. Plaintiff refused the manager's advances and was terminated as a result.

3. It was Titsworth's practice to terminate employees who would not have a sexual relationship with her.  Pizza Hut knew that this was the manager's practice and took no action.

4. Following her termination, Plaintiff lodged a complaint with Pizza Hut's Human Resource Department, and Plaintiff was reinstated at the store on Rogers Avenue in Fort Smith.

5. Titsworth was not disciplined or reprimanded for her behavior.

6. On September 27, 2008, at the Rogers Avenue store, Plaintiff

     had a verbal altercation with another employee.

7. After an investigation by Pizza Hut's store and district managers, Plaintiff was found to have committed no wrongdoing.

8. On September 29, 2008, Plaintiff was informed that she was being terminated because a police report had been filed against her based on the events of September 27, 2008.

9. Pizza Hut has permitted store employees who have sold drugs from the drive thru and engaged in other misconduct to retain employment.

### III. Analysis

#### A. Race Discrimination

Defendant contends that Plaintiff has failed to state a claim for race discrimination. To establish a prima facie case of discrimination under Title VII, a plaintiff must plead that: (1) he or she is a member of a protected group; (2) he or she was meeting his or her employer's legitimate expectations; (3) he or she was discharged; and (4) the discharge occurred under circumstances that give rise to an inference of unlawful discrimination. *Riser v. Target Corp.*, 458 F.3d 817, 820 (8th Cir. 2006). Defendant argues that Plaintiff has failed to plead elements two and four of her prima facie case.

Plaintiff contends that she has sufficiently pled that she was meeting Defendant's legitimate expectations. *Riser*, 458 F.3d at 820. According to her Complaint, Plaintiff was first terminated by

Defendant on or about August 10, 2008. Her termination was allegedly based on her refusal to have a sexual relationship with the manager of Defendant's store located on Highway 71. After lodging a complaint, Plaintiff was reinstated at Defendant's Rogers Avenue store. During her tenure at the Rogers Avenue store, Plaintiff had a verbal altercation with another employee, and Defendant's store and district managers found that she had committed no wrongdoing. Despite this fact, she was terminated two days later based on the filing of a police report.

Plaintiff's allegations support an inference that she was meeting her employer's legitimate expectations. Following her initial termination, which was allegedly for reasons unrelated to job performance, Defendant permitted Plaintiff to return to work and continue her employment. This fact indicates that Plaintiff's job performance met Defendant's expectations. While she was subsequently terminated, there is no indication that Plaintiff's termination was related to job performance. Therefore, Defendant's decision to reinstate Plaintiff creates an inference that she met its expectations.

Plaintiff contends that she has sufficiently pled that she was terminated under circumstances that give rise to an inference of unlawful discrimination. *Riser*, 458 F.3d at 820. In support, Plaintiff relies on her allegation that Defendant's store and district managers found that she had committed no wrongdoing in

reference to the verbal altercation of September 27, 2008, yet Defendant terminated her two days later. According to Plaintiff, this allegation supports the inference that her "termination was due to some non-legitimate reason."

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The fact that Plaintiff's termination could have been the result of some illegitimate reason does not establish that it was the result of racial discrimination. While Plaintiff is an African American female, she has not identified any specific facts that link her termination to her race. To the contrary, the thrust of Plaintiff's allegations give rise to an inference only of sex discrimination. "[A Title VII Plaintiff] must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation omitted). Plaintiff has failed to meet this burden, and her race discrimination claim is **DISMISSED WITHOUT PREJUDICE.**

### B.  Intentional Infliction of Emotional Distress

Defendant contends that Plaintiff has not stated a claim under Arkansas law for intentional infliction of emotional distress. To plead an outrage claim, a plaintiff must allege that:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of

      decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Calvary Christian School, Inc. v. Huffstuttler*, 367 Ark. 117, 129-30, 238 S.W.3d 58, 68 (2006) (internal quotations omitted). Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *M. B. M. Co., Inc. v. Counce*, 268 Ark. 269, 280, 596 S.W.2d 681, 687 (1980). According to Defendant, Plaintiff has not alleged conduct that is sufficiently egregious to meet the requirements of outrage.

    Plaintiff contends that she has alleged outrageous conduct. Plaintiff's argument focuses on three allegations: (1) Defendant knew that its store manager terminated employees who refused to have a sexual relationship with her; (2) Defendant did nothing to stop the practice; and (3) Defendant terminated Plaintiff for complaining about the store manager's advances. Without the support of any legal authority, Plaintiff concludes that she has made a prima facie showing under Arkansas law.

    "Merely describing the conduct as outrageous does not make it so." *Fuqua v. Flowers*, 341 Ark. 901, 907, 20 S.W.3d 388, 392 (2000). The Arkansas Supreme Court has cautioned that the tort of intentional infliction of emotional distress provides a narrow

avenue for recovery, especially in the context of employment. *Smith v. American Greetings Corp.*, 304 Ark. 596, 601, 804 S.W.2d 683, 686 (1991) (holding superior's physical assault and firing of employee insufficient).  Plaintiff's contention that Defendant failed to take action to prevent or remedy sexual advances that were directed at her is insufficient to state an action for outrage.  Defendant's inaction and subsequent termination of Plaintiff, while perhaps providing a right to recovery under other law, is simply not "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  *Counce*, 268 Ark. at 280, 596 S.W.2d at 687;  *see also Hollomon v. Keadle*, 326 Ark. 168, 175, 931 S.W.2d 413, 417 (1996) (holding that thinly veiled threats of bodily harm and repeated use of abrasive profanity during multi-year employment relationship insufficient).  Therefore, Plaintiff's claim for intentional infliction of emotional distress is **DISMISSED WITHOUT PREJUDICE.**

**IV.  Conclusion**

For the previously stated reasons, Defendant's Partial Motion to Dismiss (doc. 4) is **GRANTED.**  Pursuant to her request, the Court hereby grants Plaintiff ten (10) days to amend her Complaint.

IT IS SO ORDERED this 28th day of October 2009.

                                           */s/ Robert T. Dawson*
                                           Honorable Robert T. Dawson
                                           United States District Judge