```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION

TONI Y. BARE                                          PLAINTIFF

     v.                  CIVIL NO. 09-2092

NPC INTERNATIONAL, INC.
d/b/a PIZZA HUT;
JASON VEREECKE; and
STEPHANIE TITSWORTH                                  DEFENDANTS
```

## O R D E R

On November 11, 2009, Plaintiff filed an amended complaint seeking recovery for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, the Arkansas Civil Rights Act of 1993, and the Arkansas common law.  Plaintiff alleges that Defendants discriminated against her based on her race and sex, forced to work in a hostile environment, and retaliated against her for complaining about the discrimination.  Plaintiff further claims that she was the victim of Defendants' intentional infliction of emotional distress.  Currently before the Court is Defendant NPC International, Inc.'s Partial Motion to Dismiss (doc. 13) and related documents.  For its motion, Defendant seeks dismissal of Plaintiff's claims for race discrimination, hostile work environment based on race, and intentional infliction of emotional distress.  For reasons recited herein, Defendant's motion is **GRANTED IN PART AND DENIED IN PART.**

### I.   Standard

In determining whether a motion to dismiss should be granted under Federal Rule 12(b)(6) of Civil Procedure, the court must test

the legal sufficiency of the complaint.  In considering a motion to dismiss, the court must consider all allegations in the complaint as true and view the facts and inferences therefrom most favorably to the non-moving party.  *Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 405 (8th Cir. 1999).  To state a claim, a complaint need not allege detailed facts; a plaintiff need only provide the grounds of his or her entitlement to relief.  *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  Dismissal under Rule 12(b)(6) is proper when a plaintiff's allegations show an insuperable bar to relief.  *Benton*, 524 F.3d at 870.

**II.  Plaintiff's Allegations**

In her Complaint, Plaintiff alleges as follows:

1. Plaintiff, an African American female, was an employee of NPC International, Inc. d/b/a Pizza Hut ("Pizza Hut") during the period at issue.
2. From at least July 9, 2008, until on or about August 10, 2008, Plaintiff worked at the Pizza Hut store on Highway 71 in Fort Smith, Arkansas.
3. The store manager, Stephanie Titsworth, attempted to have a

sexual relationship with Plaintiff. The manager told Plaintiff that her fiancee did not "treat her right" and made repeated remarks concerning Plaintiff's physical attributes. Plaintiff was informed by a coworker that Titsworth was "falling for" Plaintiff and that Titsworth had lamented that she "always fell for straight girls." Plaintiff refused the manager's advances, and as a result, Titsworth spread rumors about Plaintiff pursuing a relationship with her.

4. On August 17, 2008, after calling the Pizza Hut corporate office to complain about Titsworth, Plaintiff was permanently removed from the schedule at the Highway 71 store.

5. It was Titsworth's practice to terminate employees who would not have a sexual relationship with her. Pizza Hut knew that this was the manager's practice and took no action.

6. Plaintiff was the only African American employee at the store. Titsworth and other employees repeatedly stated that Plaintiff "made iced tea like a fat black woman." Pizza Hut has permitted white store employees at the Highway 71 store who have sold drugs from the drive thru and engaged in other misconduct to retain employment.

7. Titsworth was not disciplined or reprimanded for her behavior.

8. After her termination and following a complaint to Pizza Hut's Human Resource Department, Plaintiff was contacted by Jason Vereecke, Pizza Hut's area general manager. She was offered

      the position of shift leader at the store on Rogers Avenue in Fort Smith.  Plaintiff accepted this offer and began work on August 26, 2008.

9. On September 28, 2008, at the Rogers Avenue store, a coworker alleged that Plaintiff had physically assaulted her, which Plaintiff denied.  Vereeck and Laura Hunter, the general manager of the Rogers Avenue store, investigated the incident. Plaintiff was found to have committed no wrongdoing.

10. On September 29, 2008, Plaintiff was informed that she was being terminated because a police report had been filed against her based on the alleged assault.  No police report was produced to Plaintiff, and she was not contacted by the police.

**III. Analysis**

    **A. Race Discrimination**

Defendant contends that Plaintiff has failed to state a claim for race discrimination.  To establish a prima facie case of discrimination under Title VII, a plaintiff must plead that: (1) she is a member of a protected group; (2) she was meeting her employer's legitimate expectations; (3) she was discharged; and (4) similarly situated employees outside the protected group were treated differently.  *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).  Defendant argues that Plaintiff has failed to plead element four of her prima facie case.

Defendant points to case law stating that to "be similarly situated, the comparable employees must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Tolen*, 377 F.3d at 882-83. While Plaintiff must ultimately make a showing to this effect, Defendant seems to argue too high a burden at the pleading stage of litigation. "[A Title VII Plaintiff] must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation omitted). From a factual standpoint, Plaintiff alleges that, as the only African American employee at Pizza Hut's Highway 71 store, the store manager and other employees continually stated that Plaintiff "made iced tea like a fat black woman." Further, she alleges that while her employment at the store was terminated, Pizza Hut permitted white store employees at the Highway 71 location, who sold drugs from the drive thru and engaged in other misconduct, to retain their employment. These allegations create an inference that her termination may have been connected to, and resulted from, intentional race discrimination. These allegations are more than mere recitations of the elements of race discrimination and make her right to relief more than speculative. *Twombly*, 550 U.S. at 555. Therefore, Defendant's motion to dismiss Plaintiff's race discrimination claim is **DENIED**.

**B.  Hostile Work Environment**

Defendant contends that Plaintiff has failed to state a claim for race discrimination based on a hostile work environment.  To state a claim, Plaintiff must allege: "(1) that she belongs to a protected group, (2) that she was subjected to unwelcome harassment, (3) that the harassment was based on race, (4) that the harassment affected a term, condition, or privilege of her employment, and (5) that [her employer] knew or should have known of the harassment and failed to take proper remedial action." *Tatum v. City of Berkeley*, 408 F.3d 543, 550 (8th Cir. 2005). Defendant argues that the racial harassment to which Plaintiff alleges she was subjected was not pervasive enough to create a hostile work environment.

A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005).  Plaintiff alleges that she was the only African American employee at Pizza Hut's Highway 71 store.  She further alleges the store manager and other employees repeatedly stated that she "made iced tea like a fat black woman."  Further, she alleges that despite terminating Plaintiff, Pizza Hut permitted white store employees who sold drugs from the drive thru and engaged in other

misconduct to retain their employment. Thus, Plaintiff alleges that she was repeatedly subjected to racial slurs by multiple employees. If this allegation is coupled with Plaintiff's allegation that preferential treatment was given to white Pizza Hut employees, an inference that racial hostility permeated her workplace is supported. Defendant has fair notice of Plaintiff's claim, and it simply cannot be said that her factual allegations, as a matter of law, evidence an insuperable bar to relief. *Benton*, 524 F.3d at 870. Therefore, Defendant's motion to dismiss Plaintiff's hostile work environment claim is **DENIED**.

### C. Intentional Infliction of Emotional Distress

Defendant contends that Plaintiff has not stated a claim under Arkansas law for intentional infliction of emotional distress. To plead an outrage claim, a plaintiff must allege that:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Calvary Christian School, Inc. v. Huffstuttler*, 367 Ark. 117, 129-30, 238 S.W.3d 58, 68 (2006) (internal quotations omitted). Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

intolerable in a civilized society." *M. B. M. Co., Inc. v. Counce*, 268 Ark. 269, 280, 596 S.W.2d 681, 687 (1980).  According to Defendant, Plaintiff has not alleged conduct that is sufficiently egregious to meet the requirements of outrage.

Plaintiff makes four material allegations in reference to her claim: (1) Titsworth has a longstanding, and still-existing, practice of hiring female employees to engage in sexual relationships with her and terminating them if they refuse; (2) Pizza Hut and Vereecke knew of this practice; (3) Pizza Hut and Vereecke did nothing to stop the practice; and (4) Defendant terminated Plaintiff for complaining about the store manager's advances.  Without the support of any legal authority, Plaintiff concludes that she has made a prima facie showing.

"Merely describing the conduct as outrageous does not make it so."  *Fuqua v. Flowers*, 341 Ark. 901, 907, 20 S.W.3d 388, 392 (2000).  The Arkansas Supreme Court has cautioned that the tort of intentional infliction of emotional distress provides a narrow avenue for recovery, especially in the context of employment.  *Smith v. American Greetings Corp.*, 304 Ark. 596, 601, 804 S.W.2d 683, 686 (1991) (holding superior's physical assault and firing of employee insufficient).  The allegations in Plaintiff's Amended Complaint focus on a pattern whereby Titsworth would hire employees for the purpose of having sexual relationships.  It is from this pattern that the Court must attempt to infer that Plaintiff has

demonstrated the elements of outrage. The problem with Plaintiff's allegations is that they necessarily relate to conduct directed at other individuals. In the absence of such third-party conduct, Plaintiff contends only that Pizza Hut and Vereecke failed to take action to prevent or remedy sexual advances that were directed at her. This is insufficient to state an action for outrage. The inaction of Pizza Hut and Vereecke and subsequent termination of Plaintiff, while perhaps providing a right to recovery under other law, is simply not "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Counce*, 268 Ark. at 280, 596 S.W.2d at 687; *see also Hollomon v. Keadle*, 326 Ark. 168, 175, 931 S.W.2d 413, 417 (1996) (holding that thinly veiled threats of bodily harm and repeated use of abrasive profanity during multi-year employment relationship insufficient). Therefore, Defendant's motion to dismiss Plaintiff's outrage claim is **GRANTED**, and her claim is **DISMISSED.**

**IV. Conclusion**

For the previously stated reasons, Defendant's Partial Motion to Dismiss (doc. 13) is **GRANTED IN PART AND DENIED IN PART.**

IT IS SO ORDERED this 14th day of December 2009.

>  */s/ Robert T. Dawson*
>  Honorable Robert T. Dawson
>  United States District Judge