**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**TONI Y. BARE**                                                                      **PLAINTIFF**

    **v.**           **Case No.: 09-2092**

**NPC INTERNATIONAL, INC. d/b/a**
**PIZZA HUT, JASON VEREECKE and**
**STEPHANIE TITSWORTH**                                                  **DEFENDANTS**

## ORDER

Before the Court are Plaintiff's Motion for Entry of Default Judgment Against Separate Defendant Jason Vereecke (docs. 22-23), Separate Defendant Jason Vereecke and Stephanie Titsworth's Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (doc. 24) and Plaintiff's Response (Doc. 25).

Plaintiff filed her Amended Complaint on November 6, 2009. On January 28, 2010, Plaintiff filed an affidavit of service showing service of the Amended Complaint by leaving a copy at Mr. Vereecke's home with Christopher Vereecke on January 5, 2010. Plaintiff contends service was proper as a copy was left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" as provided in Rule 4(e)(2)(B).

Mr. Vereecke moves the Court for an extension of time to respond to Plaintiff's Amended Complaint stating his son did not inform him of the service until approximately January 26, 2010. Stephanie Titsworth states she was served on January 26, 2010 and also seeks an extension of time to respond to the Amended Complaint.

**AO72A**
**(Rev. 8/82)**

Assuming without deciding that Mr. Vereecke's fourteen-year-old son, Christopher, is "someone of suitable age and discretion" for purposes of service of process, Mr. Vereecke's answer was due on January 25, 2010. However, an entry of default has not been made against Mr. Vereecke pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In any event, the Court may set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). When examining whether good cause exists, the district court should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

The Court finds that Plaintiff's Motion for Default Judgment (doc. 22) should be DENIED as there has been no entry of default and, additionally, the Court finds Mr. Vereecke would have good cause for the Court to set aside any entry of default. Mr. Vereecke and Ms. Titsworth's Motion (doc. 24) is GRANTED, and they are directed to file their responses to Plaintiff's Amended Complaint by March 2, 2010.

IT IS SO ORDERED THIS 12TH DAY OF February 2010.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

**AO72A**
**(Rev. 8/82)**