```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FORT SMITH DIVISION
```

TONI Y. BARE                                            PLAINTIFF

v.                    CASE No. 2:09-CV-02092-RTD

NPC INTERNATIONAL, INC.
d/b/a PIZZA HUT, JASON VEREECKE
and STEPHANIE TITSWORTH                                 DEFENDANTS

<u>**O R D E R**</u>

On November 6, 2009, Plaintiff filed an Amended Complaint seeking recovery for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, the Arkansas Civil Rights Act of 1993, and Arkansas common law. (Doc. 12). Currently before the Court is Separate Defendants Jason Vereecke's and Stephanie Titsworth's Motion to Dismiss. (Doc. 27). Defendants Vereecke and Titsworth seek dismissal of Plaintiff's Title VII and Arkansas Civil Rights Act claims against them in their individual capacities, as well as dismissal of Plaintiff's common law claims against them as individuals. For the reasons stated below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

**I.   Standard**

In determining whether a motion to dismiss should be granted under Federal Rule of Civil Procedure 12(b)(6), the court tests the legal sufficiency of the complaint. The court must consider all allegations in the complaint as true and view the facts and factual inferences in a light most favorable to the non-moving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir.

2009). In order to sufficiently state a claim, the complaint need only provide the grounds for the plaintiff's entitlement to relief. *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). This requires more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must instead plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## II. Separate Defendants' Motion to Dismiss and Plaintiff's Response

In their Motion, Separate Defendants Vereecke and Titsworth move to dismiss the following claims against them in their capacities as natural persons:

1. All claims brought under Title VII;
2. All claims brought under the Arkansas Civil Rights Act ("ACRA"), including Plaintiff's claim for retaliation;
3. The claims for wrongful termination brought under Arkansas common law. (Doc. 27 p. 1).

Plaintiff, in her Response, admits that the claims brought under Title VII were not meant to apply to Vereecke and Titsworth as individuals. (Doc. 31 ¶ 1). Plaintiff also admits that the disparate treatment and sexual harassment claims brought under the ACRA were meant to apply only to Separate Defendant NPC, and not to Vereecke and Titsworth individually. (Doc. 31 ¶ 2). Furthermore, Plaintiff admits that her wrongful termination claims under

Arkansas common law are directed at Separate Defendant NPC only. (Doc. 31 ¶ 3). Accordingly, Plaintiff's Title VII claims, the ACRA claims for disparate treatment and sexual harassment, and wrongful termination claims against Vereecke and Titsworth are **DISMISSED WITH PREJUDICE.** As a result, the only claims that remain are Plaintiff's retaliation claims under the ACRA. (Doc. 31 ¶ 4).

### III. Analysis

Plaintiff bases her ACRA claims against Separate Defendants Vereecke and Titsworth on Ark. Code Ann. § 16-23-108(a), which states that:

> No *person* shall discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by this subchapter or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. (emphasis added).

Plaintiff contends that although the Arkansas Supreme Court has not decided whether an individual can be liable under § 108(a), Arkansas rules of statutory construction suggest that § 108(a) allows a retaliation claim against a natural person. (Doc. 32 pp. 2-4). Plaintiff argues that the word "person" in § 108(a) should include natural persons in their individual capacities because the word "person" is unambiguous, and therefore, the word's common, everyday meaning should control. (Doc. 32 pp. 3-5). Separate Defendants Vereecke and Titsworth counter that because they were Plaintiff's supervisors, and not her employers, they cannot be

liable for retaliation under § 108(a).[1]  (Doc. 28 pp. 6-7).

Although there is authority supporting both sides of the issue, this Court believes that Plaintiff's claim for retaliation under § 108(a) should be allowed to proceed.  Plaintiff states persuasively that Arkansas common law has equated "person" with "human being," and that this interpretation should inform a reading of § 108(a).  (Doc. 32 p. 3, citing *Meadows v. State*, 291 Ark. 105 (1987)).  Furthermore, § 108(a) claims against individuals have been allowed in both federal districts of this state.  In 2009, in the Eastern District, a § 108(a) retaliation claim against an individual supervisor survived a motion to dismiss.  *Goal v. Retzer Res., Inc.*, 2009 U.S. Dist. LEXIS 119352 (E.D. Ark. 2009).  The Court noted that there was no precedent on point that would bar such a claim and went on to state that a "plain reading of the retaliation section of the ACRA shows that the prohibition applies to individual persons . . . ."  *Id.* at *14-15.  The Western District has reached similar results.  *See*, *e.g.*, *Gilzow v. Lenders Title Co.*, Case No. 05-5091 (W.D. Ark. Sept. 29, 2005).  Likewise, this Court will effectuate the plain meaning of the word "person" and allow Plaintiff to proceed with her retaliation claims.

---

[1] Separate Defendants correctly distinguish the difference under Title VII and certain provisions of ACRA between individual "supervisors" and corporate "employers."  For retaliation claims however, it appears that this difference is immaterial, since § 108(a) clearly utilizes the term "person" where "employer" could have been used.  For this reason, and in the absence of a ruling by the Arkansas Supreme Court, the supervisor/employer distinction is not dispositive with regard to the present Motion.

**IV.  CONCLUSION**

For the reasons set out above, Separate Defendants Vereecke's and Titsworth's Motion to Dismiss is **GRANTED** as to all Title VII claims, the ACRA claims for disparate treatment and sexual harassment claims, and the Arkansas common law claims for wrongful termination.  These claims are **DISMISSED WITH PREJUDICE**.  The Motion to Dismiss is **DENIED** as to the ACRA retaliation claims brought under Ark. Code Ann. § 16-23-108(a).

IT IS SO ORDERED this 16th day of April 2010.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge